Velecela Rojas v. Bondi

BIA
Reid, IJ
A220 997 162/163

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of September, two thousand twenty-five.

PRESENT:
> JON O. NEWMAN,
> DENNY CHIN,
> MICHAEL H. PARK,
> > *Circuit Judges.*

———————————————————————

VERONICA PATRICIA VELECELA ROJAS, ALISSON MARIA ZAMBRANO VELECELA,
> *Petitioners*,

> v.                                                      23-7187
>                                                          NAC

PAMELA BONDI, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

———————————————————————

FOR PETITIONERS:       Paul B. Grotas, The Grotas Firm, P.C., New York, NY.

FOR RESPONDENT:       Brian M. Boynton, Principal Deputy Assistant Attorney General, Civil Division; Sabatino F. Leo, Assistant Director, Katie E. Rourke, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Veronica Patricia Velecela Rojas and her minor child, natives and citizens of Ecuador, seek review of an August 28, 2023, decision of the BIA affirming a February 28, 2022, decision of an Immigration Judge ("IJ") denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Veronica Patricia Velecela Rojas et al.*, Nos. A 220 997 162/163 (B.I.A. Aug. 28 2023), *aff'g* Nos. A 220 997 162/163 (Immigr. Ct. N.Y. City Feb. 28, 2022). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as supplemented by the BIA. *See Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review factual findings for substantial evidence and questions of law and application of law to fact *de novo*.

2

*Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

## I. Asylum and Withholding of Removal

Velecela Rojas fears returning to Ecuador because she was assaulted and threatened after she reported drug smuggling activity by a cartel. "The burden of proof is on the applicant to establish that . . . race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant." 8 U.S.C. § 1158(b)(1)(B)(i); *see Quituizaca v. Garland*, 52 F.4th 103, 113–14 (2d Cir. 2022) (holding that the "one central reason" standard applies to both asylum and withholding of removal).

First, we agree with the agency that Velecela Rojas's proposed particular social group of "individuals who report drug activities to the police" is not cognizable. To state a social group claim, an applicant has to establish a cognizable group, that is, a group "(1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question." *Paloka v. Holder*, 762 F.3d 191, 196 (2d Cir. 2014) (quotation marks omitted). "As to the particularity requirement, . . . the social group in question must be defined by characteristics that provide a clear benchmark for

3

determining who falls within the group," and "[t]he group must . . . be discrete and have definable boundaries—it must not be amorphous, overbroad, diffuse, or subjective." *Id.* (quotation marks omitted). Social distinction focuses on "whether society as a whole views a group as socially distinct." *Id.* It requires more than a "persecutor's perception," and "[p]ersecutory conduct aimed at a social group cannot alone define the group." *Id.* (quotation marks omitted). "When the harm visited upon members of a group is attributable to the incentives presented to ordinary criminals rather than to persecution, the scales are tipped away from considering those people a particular social group." *Ucelo-Gomez v. Mukasey*, 509 F.3d 70, 73 (2d Cir. 2007) (quotation marks omitted).

Velecela Rojas's social group claim fails because nothing in the record supports a conclusion that "individuals who report drug activities to the police" is a particular social group—that is, there is no evidence that the group is distinct, and is perceived as distinct in Ecuadorian society, from anyone else who may interfere with the cartel's business. Contrary to her arguments here, the agency did not require testimony in open court as a prerequisite to finding a cognizable group, and the lack of public cooperation with the police was an appropriate consideration as the nature of the cooperation goes both to how discretely a group is defined and to how society perceives a group. *See Matter of H-L-S-A-*, 28 I. & N.

Dec. 228, 237–39 (B.I.A. 2021). Velecela Rojas's proposed group is distinguishable from the cognizable group in *Gashi v. Holder*, 702 F.3d 130 (2d Cir. 2012), because that group was limited to witnesses to a specific set of war crimes whose names had been published. *Id.* at 136-37.

Nor does the record demonstrate that the cartel or its members targeted Velecela Rojas because of an anti-drug, anti-cartel, or anti-gang political opinion. To succeed on a political opinion claim, "[t]he applicant must . . . show, through direct or circumstantial evidence, that the persecutor's motive to persecute arises from the applicant's political belief." *Zhang v. Gonzales*, 426 F.3d 540, 545 (2d Cir. 2005); *see also Paloka*, 762 F.3d at 196–97 ("Whether the requisite nexus exists depends on the views and motives of the persecutor." (quotation marks omitted)). Such a political opinion "must involve some support for or disagreement with the belief system, policies, or practices of a government and its instrumentalities, an entity that seeks to directly influence laws, regulations, or policy, an organization that aims to overthrow the government, or a group that plays some other similar role in society." *Zelaya-Moreno v. Wilkinson*, 989 F.3d 190, 199–200 (2d Cir. 2021) (citations omitted). Velecela Rojas's opposition to the cartel's criminal activity is insufficient to establish a political opinion or that she was harmed on that basis. Velecela Roja's "opposition to criminal elements" like a cartel, "even when such

5

opposition incurs the enmity of these elements, does not thereby become *political* opposition simply by virtue of the gang's reaction." *Id.* at 201.

The cognizability and nexus determinations are dispositive of asylum and withholding of removal. *See* 8 U.S.C. §§ 1158(b)(1)(B)(i), 1231(b)(3)(A); *Quituizaca*, 52 F.4th at 113–14; *Paloka*, 762 F.3d at 195.

## II. CAT

A CAT applicant has the burden to show that she would "more likely than not" be tortured by or with the acquiescence of government officials. 8 C.F.R. §§ 1208.16(c)(2), 1208.18(a)(1). Torture is defined under the CAT as "any act by which severe pain or suffering, whether physical or mental, is intentionally inflicted on a person for such purposes as obtaining . . . information or a confession," punishment, intimidation or coercion, "or for any reason based on discrimination of any kind." *Id.* § 1208.18(a)(1). Torture "is an extreme form of cruel and inhuman treatment and does not include lesser forms of cruel, inhuman or degrading treatment or punishment that do not amount to torture." *Id.* § 1208.18(a)(2). Velecela Rojas alleges that she was attacked by two men who identified themselves as gang members about a month after reporting the drug smuggling to the police—they grabbed her by the neck, put a knife to her throat, yelled at her for "interfering with their business," pushed her to the ground, and

6

repeatedly kicked her in the stomach while threatening her child and future children. But "torture requires proof of something more severe than the kind of treatment that would suffice to prove persecution." *Kyaw Zwar Tun v. INS*, 445 F.3d 554, 567 (2d Cir. 2006). And we have held that a single assault that did not require medical care or result in lasting injury does not rise to the level of persecution. *See Jian Qui Liu v. Holder*, 632 F.3d 820, 822 (2d Cir. 2011).

Velecela Rojas points to the country conditions evidence of criminal activity and corruption in Ecuador to argue that she will face torture. But that evidence, without more, is not enough to establish that she will likely be tortured. *See Lin v. U.S. Dep't of Just.*, 432 F.3d 156, 160 (2d Cir. 2005) (requiring "particularized evidence" beyond general country conditions to support a CAT claim). There is little particularized evidence to support a fear of future torture, as Velecela Rojas remained unharmed in Ecuador for approximately two years after her assault. *See Quintanilla-Mejia v. Garland*, 3 F.4th at 569, 592–93 (2d Cir. 2021) (explaining that, under substantial evidence review, a petitioner must identify evidence that compels a conclusion contrary to the agency's); *Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005) ("In the absence of solid support in the record . . . [an applicant's] fear is speculative at best."). Because this determination is dispositive of the CAT claim, we do not reach the agency's alternative acquiescence analysis. *See Garcia-Aranda*

7

*v. Garland*, 53 F.4th 752, 758–59 (2d Cir. 2022) (explaining that CAT involves a two-step inquiry into (1) whether the harm rising to the level of torture is more likely than not and (2) whether there is state action, that is, whether the torture will be inflicted by or with the acquiescence of public officials); *INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

We have considered the remaining arguments and find no basis for remand. Thus, for the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

8